### 17215. CITIZENS BANK *v.* POPKIN.

STEPHENS, J. This being the trial of an issue formed upon a claim to personal property levied upon under a mortgage foreclosure, in which the burden of proof was upon the plaintiff, and it appearing, from the evidence, that the property claimed had been bought by the claimant from the defendant in execution, the mortgagor, but the only evidence tending to establish the identity of that property with the property described in the mortgage being certain circumstances sworn to by a witness, from which the witness inferred that the property levied on and claimed was the identical property covered by the mortgage, the

Chattel Mortgages, 11 C. J. p. 737, n. 70 New.

evidence was insufficient to establish conclusively, as a matter of law, that the property levied on was covered by the mortgage; and a verdict having been found for the plaintiff, this, the first grant of a new trial to the defendant, will be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED DECEMBER 20, 1926.

Claim; from city court of Metter—Judge Herrington presiding. February 8, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

The Citizens Bank foreclosed a mortgage which it held against Hood & Holder, covering certain property, including cotton, grown on described lands in Candler county, and the mortgage fi. fa. was placed in the hands of the sheriff for the purpose of levy and sale. The fi. fa. was levied upon two bales of cotton, and Morris Popkin filed a claim thereto. It appeared, from the evidence, that the claimant bought the cotton from the mortgagors in the town of Stillmore, which is in an adjoining county. The evidence relied on by the plaintiff for the purpose of proving that the property levied on was grown upon the land described in the mortgage was the testimony of a witness as follows: "That is the cotton made on that farm. . . . I was over there the afternoon before these fellows hauled this cotton away. I did not see them move that cotton. I did not see them on the road with it. I did not see them carry it to the gin at Stillmore. I know that this is their cotton. I saw it in his field on the wagon. I do not know whether it was picked and carried to Stillmore or not. I did not see it going . . I saw this cotton before it was ginned in the field. I did not go behind the wagon. I went up to Stillmore and found it there. I know it was the same cotton because the wagons came back and told me so. I found the cotton there in their names. I think I know it is the same cotton. I believe it so strong enough to know it."

The jury found the cotton subject to the levy, the claimant made a motion for a new trial, which was granted, and the plaintiff excepted.

*Kirkland & Kirkland,* for plaintiff.

*Kimbrough & Brown,* for defendant.